ARFMAN v. TAMARACK MINING CO.

MASTER AND SERVANT—FELLOW SERVANTS—MINES.

> This cause is a companion case to *Lahti* v. *Tamarack Mining Co.*, 186 Mich. 18, and is controlled by the opinion of the court therein, holding that plaintiff's injuries were the result of the negligence of a fellow servant of plaintiff.

Error to Houghton; Cooper, J., presiding. Submitted April 13, 1915. (Docket No. 53.) Decided July 23, 1915.

Case by Kate Arfman, as administratrix of the estate of Reinhold Arfman, deceased, for the unlawful killing of plaintiff's intestate. Judgment for defendant. Plaintiff brings error. Affirmed.

, *A. W. Kerr* (*A. T. Streeter*, of counsel), for appellant.

*Allen F. Rees* (*Rees, Robinson & Petermann*, of counsel), for appellee.

STONE, J. This is the companion case to that of John Lahti against the same defendant, decided on June 7, 1915, by this court, and reported in 186 Mich. 18 (152 N. W. 907). Both cases are founded upon the same accident and occurrence. The accident occurred on the morning of March 19, 1910, on the fifteenth level of defendant's No. 3 north Tamarack shaft. The plaintiff's intestate, Reinhold Arfman, deceased, was fatally injured, surviving only a few hours, and Lahti received injuries from which he recovered. In this record Lahti appeared as a witness under the name of John Laho. In the instant case, the motions of defendant for a directed verdict in its behalf were overruled by the trial court, and the issues were submitted

to the jury, and a verdict for the defendant resulted. From a judgment based on the verdict of the jury, the case is brought here by the plaintiff on a writ of error, and the several assignments of error are based upon alleged errors in the charge of the court.

Upon the trial it was the contention of the defendant that a verdict should have been directed for the defendant upon the following grounds:

(1) Because the evidence in the case failed to establish a cause of action in favor of the plaintiff; (2) because there was no evidence of any negligence on the part of the defendant, or attributable to it; (3) that any negligence which the evidence tended to show, under the circumstances, must be considered as the negligence of a fellow servant; (4) that the evidence disclosed facts without dispute, which, as matter of law, must be held to have constituted contributory negligence on the part of the decedent; (5) that the conditions, resulting in the accident, were open, obvious, and apparent to one who had had the experience and knowledge of decedent, and the risk was fully and obviously appreciable to one of ordinary understanding, and the decedent therefore assumed the risk.

The defendant makes the same contentions in this court. Here, as in the *Lahti Case,* there were substantially no disputed material facts. We have read both records with care, and are of opinion that upon all questions relating to the claimed negligence of the defendant, the records are substantially alike, and the law of the case must be held to have been settled by the majority opinion in the *Lahti Case.* We there held that the negligence, if any, was that of the conductor of the tram cars in failing to have a miner's lamp attached to the front car, as was his duty and custom (his failure resulting from breaking the lamp just before starting the cars), and was the negligence of a fellow servant, for which the employer was not liable, and that a verdict should have been directed for the defendant. The questions being the same in

the instant case, if a verdict for the defendant should have been directed, then the verdict which was rendered by the jury should be sustained, no matter to what extent they may have been erroneously instructed with respect to the issues submitted to them. In our opinion, the instant case is governed and controlled by the majority opinion in the *Lahti Case,* and the verdict and judgment rendered were, as matter of law, the only ones that can be justified, under the evidence, and the law of the case. There would be no profit,. therefore, in further considering or discussing the several assignments of error.

The judgment of the circuit court is therefore affirmed.

BROOKE, C. J., and KUHN, BIRD, MOORE, and STEERE, JJ., concurred. OSTRANDER, J., did not sit.

The late Justice MCALVAY took no part in this decision.